# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
LISA GLOVER                  :    Civ. No. 3:20CV01535(SALM)
                             :
v.                           :
                             :
HPC-EIGHT, LLC and BUILDING  :
& LAND TECHNOLOGY CORP.      :    April 4, 2022
                             :
-----------------------------x
```

## RULING ON PENDING MOTIONS

Defendants HPC-Eight, LLC ("HPC") and Building & Land Technology Corp. ("BLT") (HPC and BLT are collectively referred to as the "defendants") have each filed a motion to dismiss plaintiff's Amended Complaint [Doc. #10] in its entirety [Docs. #43, #44].[1] Self-represented plaintiff Lisa Glover ("plaintiff") has filed a response to defendants' motions [Doc. #55], to which defendants have filed separate replies [Docs. #56, #57].

On February 4, 2022, the same date that plaintiff filed her response to the motions to dismiss, plaintiff also re-filed a proposed Second Amended Complaint. [Doc. #54]. Because plaintiff has already amended her pleading once as a matter of course, see Fed. R. Civ. P. 15(a)(1)-(2), the Court construes plaintiff's proposed Second Amended Complaint as a motion seeking leave to amend the Amended Complaint.

---

[1] Each defendant has also filed a memorandum in support of its motion to dismiss. See Docs. #45, #46.

For the reasons stated below, defendants' Motions to Dismiss [**Docs. #43, #44**] are **GRANTED, in part, and DENIED, in part**, and plaintiff's Motion for Leave to File a Second Amended Complaint [**Doc. #54**] is **DENIED, as futile**.

I.   <u>**BACKGROUND**</u>

On October 13, 2020, plaintiff commenced this action against defendants using a District of Connecticut Civil Rights Complaint form. <u>See</u> Doc. #1. Under the section of the form titled "Cause of Action" plaintiff wrote: "Housing Discrimination. Civil Rights Violations. Not enforcing the noise nuisance policies, creating a hostile environment. Favoring white residents over a Black, protective class[.]" <u>Id.</u> at 3 (capitalizations altered) (sic). Attached to the original Complaint are 26 pages of documents, including a "Final Investigative Report" from the State of Connecticut Commission on Human Rights and Opportunities. <u>See</u> <u>id.</u> at 6-32.

On March 4, 2020, plaintiff filed an Amended Complaint asserting a cause of action for "Housing Discrimination based on Race/Civil Rights Violations[.]" Doc. #10 at 1 (sic). Defendants appeared on April 1, 2021 [Docs. #11, #12], and on April 12, 2021, they filed separate motions to dismiss the Amended Complaint, along with supporting memoranda. <u>See</u> Docs. ##16-19. On May 20, 2021, plaintiff filed a motion seeking an extension of time to respond to defendants' motions to dismiss [Doc. #24],

which Judge Victor A. Bolden granted on May 21, 2021. [Doc. #25]. Judge Bolden permitted plaintiff until July 9, 2021, to file her response to the motions to dismiss. See id.

On July 12, 2021, plaintiff filed a motion seeking to amend the Amended Complaint. [Doc. #26]. On August 3, 2021, defendants each filed a motion to dismiss plaintiff's proposed second amended complaint, along with supporting memoranda. See Docs. ##28-31. On August 12, 2021, Judge Bolden denied plaintiff's motion to amend and stated: "This Court has granted an extension of time for Ms. Glover to respond to th[e] motion [to dismiss] on more than one occasion, see ECF Nos. 21 & 25, but no response has been provided. The Court therefore **DENIES** Ms. Glover's motion to amend." Doc. #32 (emphasis in original).

On December 16, 2021, defendants filed two Notices to Self-Represented Litigant Regarding Motion to Dismiss, each relating to the August 2021 motions. [Docs. #34, #35]. Each Notice certifies: "Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing." Id. at 3.

This matter was transferred to the undersigned on December 28, 2021. [Doc. #36]. On January 3, 2022, the undersigned entered an Order stating: "The self-represented plaintiff receives notice by mail and has not responded to the pending

motions to dismiss. It is unclear from the language in the
certifications whether the motions to dismiss and the notices
were mailed to plaintiff." Doc. #37. The Court ordered that "on
or before **January 10, 2022**, defendants ... file a Notice
indicating whether and when the motions to dismiss, supporting
memoranda, and notices were mailed to the self-represented
plaintiff." Id. (emphasis in original).

On January 10, 2022, each defendant filed a Notice
representing that certain documents, including the Notices to
Self-Represented Litigant Regarding Motion to Dismiss, had not
been sent to plaintiff by regular mail. See Docs. #38, #39. As a
result, defendants requested permission "to re-file their
Motions to Dismiss, dated April 12, 2021, along with a Notice to
Self-Represented Litigant Regarding Motion to Dismiss, in order
to cure any prejudice to the Plaintiff." Doc. #38 at 2, Doc. #39
at 2. The Court granted defendants' request and further noted:

> In light of Judge Victor A. Bolden's denial of
> plaintiff's Motion to Amend (Doc. #32), the operative
> complaint in this matter is the Amended Complaint filed
> on March 4, 2021. (Doc. #10). Accordingly, on or before
> **January 14, 2022**, defendants shall re-file their motions
> to dismiss directed to the Amended Complaint, along with
> a Notice to Self-Represented Litigant Regarding Motion
> to Dismiss. **Defendants shall ensure that those documents
> are sent to plaintiff at her address of record, and shall
> include a certification of such mailing when docketing
> the documents.** Plaintiff will be required to file any
> response to the motions to dismiss on or before **February
> 4, 2022**. If plaintiff fails to file an adequate response
> to the motions to dismiss, the Court may grant the
> motions absent objection without further notice.

Doc. #40 (emphases in original). On that same date, the Court terminated, as moot, defendants' four pending motions to dismiss. See Doc. #41.

On January 10, 2022, defendants re-filed their motions to dismiss and supporting memoranda directed to plaintiff's March 4, 2021, Amended Complaint. See Docs. ##43-46. Defendants also filed two Notices to Self-Represented Litigant Regarding Motion to Dismiss. See Docs. #47, #48. On January 28, 2022, plaintiff filed a letter bearing the date of July 12, 2021. See Doc. #50. In response to that filing the Court entered the following Order:

> Plaintiff has filed a document with the Court. See Doc. #50. It is not clear what the purpose of this document is. It is apparent that plaintiff has now received defendants' motions to dismiss, because the document quotes the memoranda in support of the motions. See Doc. #50 at 1[.] Plaintiff quotes the procedural background section of defendants' argument, and then proceeds to argue that her July 12, 2021, motion to amend the Complaint was timely filed. See Doc. #50 at 2-3. It concludes: "[T]he Amended complaint should not be considered late, nor my Amended complaint denied as requested by opposing counsel." Doc. #50 at 3 (sic).
>
> The Court notes that plaintiff never filed a motion to reconsider Judge Bolden's denial of her July 2021 motion to amend the Complaint.
>
> Plaintiff's response to defendants' motions to dismiss is due on or before **February 4, 2022**. See Doc. #40, Doc. #49. If the document filed today is intended to serve as plaintiff's response to the motions, it is insufficient. If it is intended for some other purpose, the Court cannot determine that purpose.

> **Plaintiff is reminded that the defendants' motions may be granted and her claims may be dismissed without further notice if she does not file opposition papers as required by Rule 12 of the Federal Rules of Civil Procedure showing that the allegations of the operative complaint are sufficient to allow this case to proceed.** See Doc. #47 at 1, Doc. #48 at 1.

Doc. #51 (emphases in original).

On February 4, 2022, plaintiff filed a letter dated January 28, 2022. [Doc. #53]. This letter again asserts that the proposed second amended complaint "was filed timely on Monday, July 12, 2021," and "should not be considered late[.]" Id. at 3. On the same date, plaintiff re-filed the same proposed second amended complaint that she had previously filed on July 12, 2021. [Doc. #54]. Plaintiff also filed a response to the motions to dismiss. [Doc. #55]. Each defendant has filed a reply brief in support of its motion. See Docs. #56, #57.

## II. MOTIONS TO DISMISS

Defendants assert two grounds for dismissal of the Amended Complaint. First, defendants assert that "the Court should dismiss the Amended Complaint for lack of subject matter jurisdiction[]" pursuant to Rule 12(b)(1). Doc. #43 at 1, Doc. #44 at 1. Second, if "the Court determines that it has subject matter jurisdiction," defendants assert that "the Court should dismiss the Amended Complaint for failure to state a claim upon which relief can be granted[]" pursuant to Rule 12(b)(6). Id.

A.   Applicable Law

"To survive a motion to dismiss [pursuant to Rule
12(b)(6)], a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible
on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(citation and quotation marks omitted); accord Kaplan v.
Lebanese Canadian Bank, SAL, 999 F.3d 842, 854 (2d Cir. 2021).
In reviewing such a motion, the Court "must accept as true all
nonconclusory factual allegations in the complaint and draw all
reasonable inferences in the Plaintiffs' favor." Kaplan, 999
F.3d at 854 (citations omitted).

"[W]hile this plausibility pleading standard is forgiving,
it is not toothless. It does not require [the Court] to credit
legal conclusions couched as factual allegations or naked
assertions devoid of further factual enhancement." Mandala v.
NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020) (citation and
quotation marks omitted). "A pleading that offers labels and
conclusions or a formulaic recitation of the elements of a cause
of action will not do." Iqbal, 556 U.S. at 678 (citations and
quotation marks omitted). Accordingly, although detailed
allegations are not required, a complaint must include
sufficient facts to afford a defendant fair notice of the claims
and demonstrate a right to relief. See Bell Atlantic v. Twombly,
550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." Id. at 570.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard, except that a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Hoops v. KeySpan Energy, 794 F. Supp. 2d 371, 375–76 (E.D.N.Y. 2011) (citation and quotation marks omitted).

It is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for self-represented litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019).

B.    Analysis

The Court first considers the threshold issue of subject matter jurisdiction. See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

1.    Lack of Subject Matter Jurisdiction

Defendants assert that the Court should dismiss the Amended Complaint because it: (1) "does not contain a statement of the grounds for the Court's jurisdiction as required by Rule 8(a)" and (2) "fails to establish a basis for the Court to invoke diversity jurisdiction or federal question jurisdiction." Doc. #45 at 4, Doc. #46 at 4. Construing plaintiff's response liberally, she appears to contend that the Court has federal question jurisdiction because she asserts a claim pursuant to "42 U.S.C. §3604(a)[.]" Doc. #55 at 5.

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332(a). To reiterate, "the party invoking federal jurisdiction bears the

burden of proving facts to establish that jurisdiction."
Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

For diversity jurisdiction to apply, the parties must be
diverse and the amount in controversy must exceed $75,000. See
28 U.S.C. §1332. Dismissal is appropriate where plaintiff does
not allege "diversity of citizenship between herself and any of
the defendants." Graddy v. Bonsal, 375 F.2d 764, 765 (2d Cir.
1967). "Allegations of complete diversity must be apparent from
the pleadings." Royal Ins. Co. of Am. v. Caleb V. Smith & Sons,
Inc., 929 F. Supp. 606, 608 (D. Conn. 1996). Plaintiff is a
resident of Connecticut. See Doc. #10 at 1. She makes no
allegations as to the citizenship of any defendant. Accordingly,
plaintiff has failed to adequately plead that diversity
jurisdiction applies.[2]

Defendants assert that "the Amended Complaint fails to
invoke the Court's federal question jurisdiction[]" because
although there are "vague allegations of housing discrimination
and civil rights violations based on her race," plaintiff "fails
to invoke or cite to any federal statute that provides a private

---

[2] Defendants assert that "the Defendant, HPC-Eight, LLC's,
Corporate Disclosure Statements demonstrate that HPC-Eight, LLC
is a Connecticut limited liability company." Doc. #45 at 5, Doc.
#46 at 5 (sic) (citing Doc. #14). The corporate disclosure
statement for HPC-Eight, LLC states that it "is a Delaware
limited liability company that is wholly owned by Harbor Point
Holding Company, LLC." Doc. #14 at 1. There is no information
provided about Harbor Point Holding Company, LLC.

cause of action for her alleged claims." Doc. #45 at 5, Doc. #46 at 6. Defendants' arguments on this point overlook the special solicitude afforded to self-represented plaintiffs. Reading the allegations of the Amended Complaint liberally, it appears that plaintiff attempts to assert a claim for discrimination in violation of the Fair Housing Act. See 42 U.S.C. §3604(a)-(b). At this stage, plaintiff's allegations are sufficient to invoke the Court's federal question jurisdiction.[3]

Accordingly, defendants' motions to dismiss **[Docs. #43, #44]** brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction are **DENIED**.

>    *2.   Failure to State a Claim*

Defendants next assert that the Court should dismiss the Amended Complaint because it fails to state a claim upon which relief can be granted. See Doc. #45 at 6-8, Doc. #46 at 6-8. Defendants contend that the "rambling factual allegations" of the Amended Complaint fail "to comply with even the minimal pleading standards of Rule 8(a)[,]" and the Amended Complaint "therefore fails to properly apprise the Defendants of the claims against them[.]" Id. at 6, 8.

---

[3] Given plaintiff's self-represented status, the Court declines to dismiss the Amended Complaint on the ground that it fails to contain a jurisdictional statement as required by Rule 8(a)(1). See Doc. #45 at 5, Doc. #46 at 5.

The Amended Complaint consists of two identical complaints – one naming HPC in the caption, see Doc. #10, and the other naming BLT in the caption, see Doc. #10-1. Each pleading is nineteen pages long and consists of ninety-nine paragraphs. See generally id. The Amended Complaint alleges that plaintiff, an African-American woman, "was Discriminated against due to [her] Race." Doc. #10 at 1, ¶¶2-3, Doc. #10-1 at 1, ¶¶2-3. Construing the allegations of the Amended Complaint liberally, plaintiff primarily asserts that defendants failed to adequately investigate her noise complaints, because of her race, which interfered with plaintiff's right to enjoy her apartment. See generally Doc. #10, Doc. #10-1. The Amended Complaint also appears to assert that defendants (1) created a hostile housing environment, and (2) denied plaintiff a housing opportunity in a different building. See id.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim[,]" Fed. R. Civ. P 8(a)(2), that is "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. 2008) (citation and quotation marks omitted). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are

forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation and quotation marks omitted). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed." Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972).

The allegations of the Amended Complaint "ramble, ... needlessly speculate, accuse," id., and fail to set forth a "short and plain statement" of plaintiff's claims. Fed. R. Civ. P. 8(a)(2). Liberally construing the allegations of the Amended Complaint, plaintiff attempts to assert three separate claims, but it is incredibly difficult to discern which purported claim is asserted against which defendant. Plaintiff seems to concede such deficiencies, having now attempted to amend her pleading in response to defendants' motions to dismiss. See Docs. #26, #54. Although the proposed second amended complaint attempts to assert a more concise version of her claims, see id., the operative Amended Complaint fails to comply with the requirements of Rule 8, and fails to adequately place defendants on notice of the claim(s) asserted against them. See Ceparano v. Suffolk Cty., No. 10CV02030(SJF)(ATK), 2010 WL 5437212, at *3 (E.D.N.Y. Dec. 15, 2010) ("Pleadings must give fair notice of

what the plaintiff's claim is and the grounds upon which it
rests in order to enable the opposing party to answer and
prepare for trial, and to identify the nature of the case."
(citation and quotation marks omitted)).

Additionally, the allegations of the Amended Complaint fail
to state a claim upon which relief may be granted because
plaintiff's claims of discrimination are entirely conclusory.
"[C]onclusory allegations are not entitled to the assumption of
truth and a complaint will not survive a motion to dismiss
unless it contains sufficient factual matter, accepted as true,
to state a claim to relief that is plausible on its face."
Francis v. Kings Park Manor, Inc., 992 F.3d 67, 72 (2d Cir.
2021) (footnote and quotation marks omitted). The Amended
Complaint does not plead facts that would support a plausible
inference that any alleged conduct was motivated by a racial
animus. Rather, at most, "[o]nly untethered speculation supports
an inference of racial animus on the part of the" defendants in
the Amended Complaint. Id. at 74.

Accordingly, for the reasons stated, defendants' motions to
dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules
of Civil Procedure for failure to state a claim [**Docs. #43, #44**]
are **GRANTED**. See, e.g., Celli v. New York City Dep't of Educ.,
No. 15CV03679(BMC)(LB), 2016 WL 10567948, at *3 (E.D.N.Y. Dec.
24, 2016) (The "complaint is a rambling, confused document, and

it is impossible to discern the basis for plaintiff's claims or the facts on which the alleged claims exist. Although federal courts indulge <u>pro se</u> pleaders, the instant complaint does not conform even to this more patient standard and must be dismissed."), <u>aff'd sub nom.</u> <u>Celli v. Cole</u>, 699 F. App'x 88 (2d Cir. 2017).

### III. <u>MOTION TO AMEND</u>

As part of her response to defendants' motions to dismiss, plaintiff "request the Courts to reconsider my Amended complaint ... dated July 9, 2021[.]" Doc. #55 at 3 (sic). On the same date plaintiff filed her response to the motions to dismiss, plaintiff re-filed the proposed Second Amended Complaint bearing the date of July 9, 2021. <u>See</u> Doc. #54. The Court construes plaintiff's filings as seeking permission to file the proposed Second Amended Complaint.

### A.   <u>Applicable Law</u>

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, where amendment is not available "as a matter of course[,]" then "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"A district court may in its discretion deny leave to amend for good reason, including futility, bad faith, undue

delay, or undue prejudice to the opposing party." Bensch v. Est.
of Umar, 2 F.4th 70, 81 (2d Cir. 2021) (citation and quotation
marks omitted). An amendment is "considered 'futile' if the
amended pleading fails to state a claim, or would be subject to
a successful motion to dismiss on some other basis." Nwachukwu
v. Liberty Bank, 257 F. Supp. 3d 280, 286 (D. Conn. 2017); see
also Waite v. UMG Recordings, Inc., 477 F. Supp. 3d 265, 269
(S.D.N.Y. 2020) ("An amendment to a pleading is futile if the
proposed claim could not withstand a motion to dismiss pursuant
to Federal Rule of Civil Procedure 12(b)(6). This inquiry thus
turns on whether the proposed allegations state a claim upon
which relief can be granted." (footnote and quotation marks
omitted)). Although the Court is "normally accommodating to
motions for leave to amend pro se complaints," the Court "may
deny" such motions "when amendment would be futile[.]" Fulton v.
Goord, 591 F.3d 37, 45 (2d Cir. 2009) (citations and quotation
marks omitted).

     B.   Analysis

     The proposed Second Amended Complaint (hereinafter the
"SAC") is dated July 9, 2021, is fifteen pages long, and
consists of fifty-nine paragraphs. See generally Doc. #54.
Plaintiff purports to bring this action "to enforce the
Provisions of the Fair Housing Act, Title VIII of the Civil
Rights Act of 1968." Id. at 1, ¶1. The SAC is divided into five

sections. See generally Doc. #54. Under the section entitled

"Cause of Action[,]" plaintiff asserts:

>    5. **Violation of the Fair Housing Act**, 42 U.S.C. §3601,
>    et seq. Defendants' conduct, through their actions and
>    those of their agents as described herein, constitutes
>    harassment and hostile environment harassment.
>
>    a. A denial of housing or making housing
>    unavailable because of retaliatory conduct in violation
>    of Section 804(a) of the FHA, 42 U.S.C. §3604(a);
>
>    b. Discrimination in the terms, conditions, or
>    privileges of the rental of dwellings, or in the
>    provision of services or facilities in connection
>    therewith, because of sex, in violation of Section
>    804(b) of the FHA, 42 U.S.C. §3604(b);
>
>    c. The making of statements with respect to the
>    rental of dwellings that indicate a preference,
>    limitation, or discrimination based on sex, in violation
>    of Section 804(c) of the FHA, 42 U.S.C. §3604(c); and
>
>    d. Coercion, intimidation, threats or interference
>    with persons in the exercise or enjoyment of, or on
>    account of their having exercised or enjoyed, their
>    rights under Section 804 of the Fair Housing Act, in
>    violation of Section 818 of the FHA, 42 U.S.C. §3617
>
>    e. Defendants Coerced, intimidated, threatened, or
>    interfered with persons in the exercise or enjoyment of,
>    or on account of their having exercised or enjoyed, their
>    rights granted or protected by 42 U.S.C. §3604a, in
>    violation of 42 U.S.C. §3617.

Doc. #54 at 3, ¶5 (sic). The factual allegations of the SAC are

substantially similar to the allegations of the Amended

Complaint, albeit stated in a more succinct manner. Again,

plaintiff appears to assert that defendants: (1) failed to

adequately investigate her noise complaints, because of her

race, thereby interfering with her right to enjoy her apartment;

(2) created and/or fostered a hostile housing environment; and

(3) denied plaintiff a housing opportunity. See generally Doc. #54. In support of these claims plaintiff alleges, inter alia:

- "Complainant is an African American resident, who relied on a housing choice voucher, and was degraded, talked down upon disrespected, humiliated, and her concerns were marginalized and ignored." Doc. #54 at 5, ¶19 (sic).

- "Plaintiff ... is ... a member of the Protected Class. She is African American. Plaintiff asserts she was Discriminated against due to Race. The office created different terms, do to my Race." Id. at 11, ¶40 (sic).

- "Plaintiff asserts she was Discriminated against due to her Race. The leasing office created different terms for due to my Race. which includes tenants being responsible for adhering to the community's quiet hours." Id. at 11, ¶41 (sic).

- "Plaintiff was treated different from the other residents in the building. The office viewed it was an insult to question these menaces about allegations of noise disturbances coming from a Black resident who is viewed, a troublemaker[.]" Id. at 13, ¶51 (sic).

The Court first considers the adequacy of the SAC's allegations with respect to the claims asserted pursuant to 42 U.S.C. §3604.

### 1. Claims Asserted Pursuant to Section 3604

Plaintiff asserts claims pursuant to the Fair Housing Act ("FHA"). See generally Doc #54. The FHA

> makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable

> or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. §3604(a). Likewise, property owners and their agents may not "unlawfully discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling." Id. §3604(b).

Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003). Plaintiff attempts to assert claims pursuant to sections 3604(a) and 3604(b), as well as section 3604(c). See Doc. #54 at 3, ¶5.

> a.  Section 3604(a)

"In a disparate-treatment case, ... a plaintiff must establish that the defendant had a discriminatory intent or motive." Palmer v. Fannie Mae, 755 F. App'x 43, 45 (2d Cir. 2018) (citation and quotation marks omitted). Where there is no "direct proof" of discrimination, the Court applies "the burden-shifting standard supplied by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)." Id. At the pleading stage, a plaintiff asserting discrimination under the FHA can survive dismissal "if the plaintiff can allege facts that support a plausible claim that the plaintiff was 'a member of a protected class,' suffered relevant 'adverse' treatment, and 'can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation.'" Id. (quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)). Thus, "a plaintiff need only give plausible support to a

minimal inference of discriminatory motivation at the pleading stage." Palmer, 755 F. App'x at 45-46.

In relevant part, plaintiff alleges that because "management refused to enforce their noise policy," she "decided to apply to a Brand-new development, Allure Apartments," which is "[a] sister property owned by the defendants." Doc. #54 at 8, ¶29 (sic). Plaintiff appears to allege that there was a conspiracy to keep her from moving to the Allure Apartments:

> I asked a worker, ... at CT [Housing] Partners about the application process and if one is locked into their lease will the applicant be given a second chance before their name is purged from the list. I was told by this worker that Harbor point manager is going to have a meeting with their office to find a solution not to keep applicants on the waitlist because according to what the manager related to her, every time they build a new property, residents want to break their lease and move into their new property and they want to avoid this. Unbeknownst to this worker, she was talking to the very subject of the matter. I was the only one who broke my lease in 2018 from Harbor-Landing Apts, without penalty and moved to NV Apts.

Id. at 8, ¶31 (sic). Plaintiff alleges that she applied for an apartment at Allure Apartments under the affordable housing program and was "number3# on the list[,]" id. at 8, ¶32 (sic), but that "management ... wanted to devise a hidden plan for keeping me out of their new property[.]" Id. at 9, ¶33; see also id. at 8, ¶32. Plaintiff alleges:

> I was given an apt. and then, it was taken away[.] ... They revised the promotional marketing flyers and changed the rules, but I was approved before the new criteria was implemented. Nevertheless, I was denied an

apt at Allure. While living at Harbor Point, residents were always given preference to move into their new building, but because of one lone Africa American, who they wanted to keep out, the rules were changed. I was viewed as the troublemaker[.]

Id. at 9, ¶34 (sic).

The SAC fails to allege facts sufficient to state a claim for housing discrimination pursuant to section 3604(a). Plaintiff conclusorily asserts that she was denied an apartment at the Allure building because of her race, but the factual allegations of the SAC contradict this. Instead, the factual allegations suggest that a policy was instituted to prevent tenants in general from breaking their leases to move into newer buildings. See generally Doc. #54 at 8-15. Plaintiff does not allege that she was denied housing because of her race, but instead because she was a "troublemaker[.]" Id. Even assuming a defendant interfered with a rental transaction, and accepting plaintiff's status as a member of a protected class, there are no allegations from which to draw the inference that any purported interference occurred because of plaintiff's race. See, e.g., Palmer, 755 F. App'x at 46 ("Standing alone, however, Fannie Mae's mere awareness of Palmer's pregnancy and refusal of Palmer's offers to purchase the property does not provide sufficient support for her allegation of discriminatory intent."); Zlotnick v. Crystal Run Vill., Inc., No. 21CV01001(PED), 2021 WL 4993712, at *4 (S.D.N.Y. Oct. 27, 2021)

("A claim under the Fair Housing Act is appropriately dismissed where a complaint's factual allegations do not permit the conclusion that the complained-of conduct occurred because of discriminatory animus." (citation and quotation marks omitted)). Plaintiff's conclusory allegation that "she was discriminated against due to Race[,]" is insufficient to state a claim. Doc. #54 at 11, ¶40 (sic); see Matthews v. L & B Realty Assocs. Inc., No. 11CV04989(ENV)(LB), 2011 WL 6136028, at *3 (E.D.N.Y. Dec. 9, 2011) ("Conclusions that race or age motivated defendants are insufficient[]" to state a claim under the FHA.). Accordingly, the SAC fails to state a plausible claim pursuant to 42 U.S.C. §3604(a), and any amendment with respect to this claim would be futile.

b. Section 3604(b)

Plaintiff also attempts to assert a claim pursuant to section 3604(b).[4] The Court construes the SAC as attempting to assert a disparate treatment claim based on plaintiff's allegations that: (1) "The leasing office created different terms for due to my Race. which includes tenants being responsible for adhering to the community's quiet hours[,]" Doc. #54 at 9, ¶41 (sic), and (2) "Plaintiff was treated different

_____

[4] To the extent plaintiff asserts a hostile housing environment claim, the Court considers that claim in connection with the claims asserted pursuant to section 3617.

from the other residents in the building. The office viewed it was an insult to question these menaces about allegations of noise disturbances coming from a Black resident who is viewed, a troublemaker[,]" Id. at 13, ¶51.

Like the claim asserted pursuant to section 3604(a), "[t]o make out a disparate treatment claim under Section 3604(b) of the FHA," plaintiff must "at the very least" assert "an allegation of differential treatment of similarly situated persons or groups." Jones v. U.S. Dep't of Hous. & Urb. Dev., No. 11CV00846(RJD)(JMA), 2012 WL 1940845, at *3 (E.D.N.Y. May 29, 2012) (citations, quotation marks, and footnote omitted). The SAC fails to allege facts sufficient to state a claim for disparate treatment under section 3604(b). Again, although plaintiff conclusorily alleges that she was treated differently because of her race, the factual allegations of the SAC contradict this. Rather, the allegations of the SAC suggest that management treated their "friends" in the building differently than plaintiff. See Doc. #54 at 5, ¶¶15-17, 20. Although this may have been distressing for plaintiff to experience, there are no factual allegations to support the inference that plaintiff was treated differently because of her race. See Favourite v. 55 Halley St., Inc., 381 F. Supp. 3d 266, 282 (S.D.N.Y. 2019) ("Simply stated, based on the facts as presented, there is no legal basis for elevating a series of skirmishes in an

unfortunate war between neighbors to a federal discrimination case." (citation and quotation marks omitted)). Accordingly, the SAC fails to state a plausible claim pursuant to 42 U.S.C. §3604(b), and any amendment with respect to this claim would be futile.

c.   Section 3604(c)

Plaintiff also attempts to assert a claim pursuant to section 3604(c). See Doc. #54 at 3, ¶5.

> Section 3604(c) of the Fair Housing Act prohibits making, printing or publishing "any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. §3604(c).

Wentworth v. Hedson, 493 F. Supp. 2d 559, 565 (E.D.N.Y. 2007). To state a claim pursuant to section 3406(c), plaintiff must allege facts establishing that: "(1) defendants made a statement; (2) the statement was made with respect to the rental of a dwelling; and (3) the statement indicated a preference, limitation, or discrimination on the basis of race." Id.

The SAC fails to allege any facts that defendants, or their agents, made any statements that indicated a preference or limitation based on race. Accordingly, the SAC fails to state a plausible claim pursuant to 42 U.S.C. §3604(c), and any amendment with respect to this claim would be futile.

2.   *Claims Asserted Pursuant to Section 3617*

Liberally construing the SAC, plaintiff appears to assert both a retaliation claim and a hostile housing environment claim pursuant to 42 U.S.C. §3617. See Doc. #54 at 3, ¶5.

The FHA applies "to so-called post-acquisition claims that arise from intentional discrimination that occurs after a party occupies the property." Doe v. YMCA of Ne. NY, No. 1:19CV00456(TJM)(ATB), 2020 WL 705264, at *5 (N.D.N.Y. Feb. 12, 2020) (citation and quotation marks omitted). "Section 3617 of the Fair Housing Act prohibits retaliation for the enjoyment of any right created under the Fair Housing Act." Zlotnick, 2021 WL 4993712, at *5. Specifically, 42 U.S.C. §3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, ... any right granted or protected by section ... 3604[] ... of this title." 42 U.S.C. §3617. To state a retaliation claim under section 3617, a plaintiff must allege that:

> (1) she is a protected individual under the FHA; (2) she was engaged in the exercise or enjoyment of her fair housing rights; (3) the defendant was motivated by discriminatory intent, or his conduct produced a disparate impact; and (4) the defendant coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA.

Mohamed v. McLaurin, 390 F. Supp. 3d 520, 545 (D. Vt. 2019); see also Zlotnick, 2021 WL 4993712, at *5 (same).

"A plaintiff may also show that the defendant created a 'hostile housing environment.'" Zlotnick, 2021 WL 4993712, at *5 (quoting D.K. by L.K. v. Teams, 260 F. Supp. 3d 334, 367 (S.D.N.Y. 2017)); see also Mohamed, 390 F. Supp. 3d at 547. To state such a claim, a plaintiff must allege: "(1) that the plaintiff was subjected to harassment that was sufficiently pervasive and severe; (2) the harassment occurred because of the plaintiff's membership in a protected class; and (3) the defendant is responsible for the allegedly harassing conduct." Zlotnick, 2021 WL 4993712, at *5.[5]

With respect to the "retaliation" portion of her claim, plaintiff fails to plead sufficient facts that defendants or their agents had any discriminatory animus that motivated defendants' actions or inactions. Nor has plaintiff pled any facts to establish that defendants subjected plaintiff to a hostile housing environment because of her race. Accordingly, the SAC fails to state a plausible claim pursuant to 42 U.S.C. §3617, and any amendment with respect to this claim would be futile. See, e.g., Zlotnick, 2021 WL 4993712, at *9 (dismissing

---

[5] The same elements must be pled with respect to a hostile housing environment claim brought pursuant to section 3604(b). Compare Zlotnick, 2021 WL 4993712, at *5, with Favourite, 381 F. Supp. 3d at 277.

hostile housing environment claim where the allegations of the complaint fell short of "establishing that Defendants subjected [the decedent] to that environment, and that they did so <u>because of</u> [the decedent's] membership in the protected class." (emphasis in original)).

Simply, as to each of plaintiff's claims in the Second Amended Complaint, "[a]lthough [plaintiff] has claimed that [s]he is a member of a protected class, h[er] Complaint lacks even minimal support for the proposition that the ... Defendants were motivated by discriminatory intent." <u>Francis</u>, 992 F.3d at 73 (footnote and quotation marks omitted)); <u>see also</u> <u>Zlotnick</u>, 2021 WL 4993712, at *4 ("A claim under the Fair Housing Act is appropriately dismissed where a complaint's factual allegations do not permit the conclusion that the complained-of conduct occurred because of discriminatory animus." (citation and quotation marks omitted)).

Accordingly, because the SAC would be subject to a successful motion to dismiss for failure to state a claim, plaintiff's motion to amend [Doc. #54] is **DENIED, as futile.**

## IV. <u>CONCLUSION</u>

For the reasons articulated above, defendants' Motions to Dismiss [**Docs. #43, #44**] are **GRANTED, in part, and DENIED, in part,** and plaintiff's Motion for Leave to File a Second Amended Complaint [**Doc. #54**] is **DENIED, as futile.**

The Clerk of the Court shall close this case.

SO ORDERED at New Haven, Connecticut this 4th day of April, 2022.

                                    /s/
                              _____
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES DISTRICT JUDGE